## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DONALD L. ARMOUR, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-4875 |
| | ) | |
| v. | ) | Hon. Jorge L. Alonso |
| | ) | |
| DR. B. MOHAN, | ) | |
| DR. B. NOWAKOWSKI, Z. NDIFE, | ) | |
| and A.M. OWENS, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Having been refused his preferred medication while incarcerated, plaintiff filed suit challenging the conditions of his confinement. Defendants move for dismissal or summary judgment. For the reasons set forth below, the Court grants defendants' motion for summary judgment and denies as moot defendants' motion to dismiss.

## I.       BACKGROUND

Plaintiff Donald L. Armour ("Armour") filed a second-amended complaint in which he asserts that defendants Dr. B. Mohan, Dr. B. Nowakowski, Z. Ndife and A. M. Owens were deliberately indifferent to his medical needs while he was incarcerated at the Metropolitan Correctional Center ("MCC"). Specifically, plaintiff alleges that before his incarceration, he was diagnosed with neuropathy and had been prescribed Neurontin (the generic form of which is gabapentin). While incarcerated at the MCC, plaintiff was told that his Neurontin would be replaced with Duloxetine, despite plaintiff's warnings that he could not take that drug due to negative side effects. Although plaintiff was given Neurontin for part of his stay, he was, at

times, denied it, causing him to suffer pain, cramping, twitching, tingling, numbness and loss of balance.

Defendants have filed a motion in which they seek dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, they move for summary judgment on the basis of their affirmative defense of failure to exhaust.

Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. *See McCurry v. Kenco Logistics Services, LLC*, 942 F.3d 783, 790 (7th Cir. 2019) ("We take this opportunity to reiterate that district judges may require strict compliance with local summary-judgment rules."). When one party supports a fact with admissible evidence and the other party fails to controvert the fact with admissible evidence, the Court deems the fact undisputed. *See Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218-19 (7th Cir. 2015); *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004). This does not, however, absolve the party putting forth the fact of the duty to support the fact with admissible evidence. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012). The Court does not consider any facts that parties fail to include in their statements of fact, because to do so would rob the other party of the opportunity to show that the fact is disputed. Defendants argue that plaintiff failed to respond to their statement of facts, but that is imprecise. Plaintiff did not file a separate response; but he included in his response brief a section responding to defendants' statement of facts and attached an affidavit. Plaintiff did not file his own statement of facts. The following facts are undisputed unless otherwise noted.

At the MCC, the Bureau of Prisons offers an administrative procedure for complaints, which process is set out in 28 C.F.R. §§ 542.13-542.15. The process has multiple parts,

2

including an informal first step.  After the informal first step, an inmate starts the formal process by raising a complaint with the Warden within 20 days.  If the inmate is "not satisfied with the Warden's response," he "may submit an Appeal" to the Regional Director within 20 days after the Warden's response.  28 C.F.R. § 542.15(a).  Finally, if the inmate is not satisfied with the Regional Director's response, he "may submit an appeal" to the General Counsel within 30 days of the Regional Director's response.  28 C.F.R. § 542.15(a).

In this case, plaintiff engaged in the informal process.  He received a written response on July 11, 2018, which response stated, among other things, "no relief is provided herein." Plaintiff took this to mean that appeals would be futile.  It is undisputed that plaintiff did not exhaust his administrative remedies.  Instead, on July 17, 2018, plaintiff filed suit here.  In his second-amended complaint, plaintiff asserts one count for deliberate indifference to his serious medical needs.

## II.    STANDARD ON A MOTION FOR SUMMARY JUDGMENT

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  When considering a motion for summary judgment, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party.  *Hutchison v. Fitzgerald Equip. Co., Inc.*, 910 F.3d 1016, 1021 (7th Cir. 2018).  Summary judgment is appropriate when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party."  *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d

686, 692 (7th Cir. 2005). "As the 'put up or shut up' moment in a lawsuit, summary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial." *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017).

## III.  DISCUSSION

Defendants argue that plaintiff failed to exhaust his administrative remedies. Failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA."). A plaintiff need not plead around an affirmative defense, and the Court may not dismiss under Rule 12(b)(6) on the basis of an affirmative defense unless the plaintiff alleges, and thus admits, the elements of the affirmative defense. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014); *United States Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003). That is why defendants have moved for summary judgment on their exhaustion defense.

Defendants' exhaustion defense is based on the Prison Litigation Reform Act of 1995 ("PLRA"). Congress passed the PLRA "in the wake of a sharp rise in prisoner litigation in the federal courts." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). The PLRA provides:

> *No action shall be brought* with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*.

42 U.S.C. § 1997e(a) (emphasis added). This means the prisoner must exhaust administrative remedies *before* filing suit. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) ("Section 1997e(a) says that exhaustion must precede litigation. . . . [I]t is essential to keep the courthouse doors closed until those efforts have run their course.").

In this case, it is undisputed that plaintiff did not exhaust his administrative remedies. The Bureau of Prison's dispute process, which is set out in the Code of Federal Regulations, requires appeals to the Regional Director and General Counsel. 28 C.F.R. § 542.15(a). Plaintiff undisputedly did not appeal to the Regional Director or the General Counsel. Thus, he failed to exhaust his administrative remedies. *See Ford*, 362 F.3d at 397 ("In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system."); *see also Woodford*, 548 U.S. at 90 ("proper exhaustion of administrative remedies" means "using all steps that the agency holds out").

Plaintiff argues that he believed exhaustion would be futile, but it does not matter. "There is no futility exception to § 1997e(a)." *Perez v. Wisconsin Dep't. of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999). As the Supreme Court has explained, under the PLRA, "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford*, 548 U.S. at 85. That is because § 1997e(a) is "a statutory exhaustion provision" thereby "foreclosing judicial discretion." *Ross v. Blake*, __ U.S. __, 136 S.Ct. 1850, 1857 (2016).

The language of 1997e(a), though, requires exhaustion only of "such administrative remedies as are available," 42 U.S.C. § 1997e(a), and the Supreme Court has recognized reasons why administrative remedies might be unavailable. *Ross*, 136 S.Ct. at 1859-60. There, the Supreme Court noted that administrative remedies might be unavailable if: (1) the process were a dead end (as in the office to which complaints were to be submitted did not exist or refused to accept complaints); (2) the process were so opaque as to be indecipherable to an ordinary person; or (3) prison administrators misled or threatened prisoners to prevent use of the procedure. *Id*. The Seventh Circuit has also suggested:

> If a prisoner has been placed in imminent danger of serious physical injury by an act that violates his constitutional rights, administrative remedies that offer no possible relief in time to prevent the imminent danger can't be thought available. . . . An administrative remedy could not be thought available to a prisoner whose grievance was that he had been told that members of the Aryan Brotherhood were planning to kill him within the next 24 hours and the guards were refusing to take the threat seriously.

*Fletcher v. Menard Correctional Ctr.*, 623 F.3d 1171, 1173 (7th Cir. 2010) (affirming dismissal, because plaintiff failed to exhaust). Plaintiff has put forth no evidence from which a reasonable factfinder could conclude that his administrative remedies were, in one of these ways, unavailable.

Defendants are entitled to judgment as a matter of law on their exhaustion affirmative defense, and this case must be dismissed. The Seventh Circuit has held that "*all* dismissals under § 1997e(a) should be without prejudice." *Ford*, 362 F.3d at 401. Accordingly, this case is dismissed without prejudice.

Because the Court grants summary judgment to defendants on their exhaustion affirmative defense, defendants' motion to dismiss plaintiff's complaint for failure to state a claim is denied as moot.

The Court thanks plaintiff's counsel for accepting appointment and for his work on this case.

**IV.    CONCLUSION**

For all of these reasons, defendants' motion [26] for summary judgment is granted, and their motion to dismiss [26] is denied as moot.  This case is dismissed without prejudice for failure to exhaust.  Civil case terminated.

SO ORDERED.                                      ENTERED:  May 1, 2020

                                                 _____
                                                 HON. JORGE ALONSO
                                                 United States District Judge